## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SHAWN HERSEY, | : | Civil No. 11-1214 (SRC) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **ORDER** |
| | : | |
| GARY LANIGAN, et al, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**CHESLER, District Judge**

This matter comes before the Court upon Plaintiff Shawn Hersey's application for an ex parte temporary restraining order [docket entry no. 1-6]. Plaintiff has also filed an application pursuant to 28 U.S.C. § 1915(a)(1) to proceed *in forma pauperis* in this action brought for civil rights violations. Based on Plaintiff's affidavit of poverty, the Court finds that Plaintiff qualifies for *in forma pauperis* status pursuant to 28 U.S.C. § 1915.

**IT APPEARING** that the application for an ex parte temporary restraining order is governed by Federal Rule of Civil Procedure 65(b) which provides, inter alia**:**

> A temporary restraining order may be granted without written or oral
> notice to the adverse party or that party's attorney only if (1) it clearly
> appears from specific facts shown by affidavit or by the verified
> complaint that immediate and irreparable injury, loss, or damage will

result to the applicant before the adverse party or that party's attorney
can be heard in opposition, and (2) the applicant's attorney certifies to
the court in writing the efforts, if any, which have been made to give
the notice and the reasons supporting the claim that notice should not
be given.

; and it further

**APPEARING** Plaintiff has failed to demonstrate any efforts to give notice to Defendants

and accordingly has failed to demonstrate that an ex parte restraining order can appropriately be

issued under existing law; therefore

**IT IS** on this 5th day of May, 2011,

**ORDERED** that Plaintiff's application for an ex parte restraining order [docket entry no.

1-6] be and hereby is **DENIED**; and it is further

**ORDERED** that Plaintiff's application to proceed by order to show cause is denied

because there is no demonstration of exigency as called for by Local Civil Rule 65.1; and it is

further

**ORDERED** that if Plaintiff wishes to seek a preliminary injunction or further

consideration of a restraining order he shall make an application with the Court pursuant to the

motion schedule set forth in Local Civil Rule 7.1; and it is further

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is hereby

**GRANTED**; and it is further

**ORDERED** that the Clerk shall file the Complaint without prepayment of the filing fee;

and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summonses and the United States Marshal shall serve the summons and a copy of the Complaint and this Order on Defendant, with all costs of service advanced by the United States.


_____s/ Stanley R. Chesler_____
**STANLEY R. CHESLER, U.S.D.J.**