NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHAWN HERSEY | : | |
| | : | Civil Action No.  11-1214 (SRC) |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| GARY LANIGAN, ET AL., | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion to dismiss filed by Defendants Gary Lanigan ("Lanigan"), Meg W. Yatauro ("Yatauro"), Warren Wilcox, Jr. ("Wilcox"), Robert Chetirkin ("Chetirkin"), Catherine Buchanan ("Buchanan") and Omar Soriano ("Soriano") (collectively "Defendants") [docket item no. 21]. Plaintiff has opposed the motion [docket item no. 22]. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will grant the Defendants' motion.

I.  BACKGROUND

This civil rights action was initiated by Plaintiff Shawn Hersey, a prisoner of the State of New Hampshire, who is presently incarcerated at the Adult Diagnostic and Treatment Center ("ADTC") in Avenel, New Jersey. Plaintiff professes to be a "practitioner of the Messianic Faith." (Am. Compl., ¶ 10.) In brief, Plaintiff complains that Defendants, employees of ADTC and the New Jersey Department of Corrections ("NJDOC"), denied Plaintiff's request for

observance of a Messianic Passover Seder, and instead provided him a "Rabbinic Jewish Passover Seder, which is contrary to the beliefs and practices of Plaintiff's Messianic Religion." (Am. Compl., ¶ 17.)  Specifically, Defendants denied Plaintiff's request to partake of a roasted leg of lamb, a necessary sacramental food item for Messianic Passover, and instead decided to serve him a lamb shank bone, a sacramental food item for Rabbinic Passover.  On February 15, 2011, Plaintiff filed a NJDOC Inmate Remedy System form complaining of this denial.  Plaintiff received a response on March 23, 2011, maintaining that his religious rights had not been violated.  Plaintiff filed an administrative appeal, which was denied on April 4, 2011.[1]

On March 2, 2011, prior to receiving a response to his administrative complaint, Plaintiff filed his Complaint before this Court, which was later amended on May 20, 2011.  The Amended Complaint contains eight causes of action under federal civil rights statutes, premised on Defendants denying Plaintiff the requested roasted leg of lamb for Passover Seder: violation of Plaintiff's First Amendment right to the free exercise of his religion (Count I); a claim under 42 U.S.C. § 1983 for violation of Plaintiff's procedural Due Process Rights under the Fourteenth Amendment (Count II); a claim under 42 U.S.C. § 1983 for violation of Plaintiff's substantive Due Process Rights under the Fourteenth Amendment (Count III); a claim under 42 U.S.C. § 1983 for violation of Plaintiff's right to Equal Protection under the Fourteenth Amendment (Count IV); violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 (Count V); conspiracy to deny the constitutionally-protected rights of inmates (Count VI); neglect to prevent conspiracy to violate the constitutionally-protected rights of inmates, in

---

[1] Plaintiff had also written a letter to Defendant Stribling (Supervisor of the Office of Community Program and Outreach Services) on March 4, 2011, regarding the denial of roasted lamb for Passover Seder.  Defendant Wilcox (Head Chaplain for the NJDOC) responded on March 17, 2011, advising that the Chaplaincy Office agreed that roasted lamb could not be permitted for a Seder due to safety and security concerns related to outside foods.

violation of 42 U.S.C. § 1986 (Count VII); and conspiracy to interfere with Plaintiff's civil rights, in violation of 42 U.S.C. § 1985 (Count VIII).

Defendants now move to dismiss Plaintiff's Amended Complaint, arguing that Plaintiff's claims are time-barred for failure to exhaust his administrative remedies prior to filing suit in federal court, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.

## II.  DISCUSSION

### A.  Legal Standard

The Court must review this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a claim for failure to state a claim upon which relief may be granted.  Federal Rule of Civil Procedure 8(a) requires that to state a claim for relief, a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  When evaluating the sufficiency of claims subject to the pleading requirements of Rule 8(a), the Court must apply the plausibility standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  In Twombly and Iqbal, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.)  The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement." Id. at 1949-50; Twombly, 550 U.S. at 555-57.  While the complaint need not

demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (relying on Twombly to hold that to survive a motion to dismiss a Complaint must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element").

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record. Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007); Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003).

      B.      **Timeliness of Plaintiff's Complaints**

Section 1997e(a) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This exhaustion requirement is mandatory. Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). It applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Claims which have not been exhausted at the time the inmate

files an action in federal court must therefore be dismissed. Jones v. Bock, 549 U.S. 199, 211, 220 (2007). Such claims cannot be saved by subsequent exhaustion, and the filing of an amended complaint. Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002) (holding that an inmate could not cure the defect in his action by amending a complaint that had been dismissed for failure to exhaust); see also Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) ("the district court must look to the time of filing [suit], not the time the district court is rendering its decision, to determine if exhaustion has occurred.").

An inmate must "properly exhaust" the available administrative remedies, which means "using all steps that the agency holds out" and "demands compliance with an agency's deadlines and other critical procedural rules . . ." Woodford v. Ngo, 548 U.S. at 90 (internal citations omitted). Moreover, the Supreme Court stressed in Booth v. Churner that 42 U.S.C. § 1997e(a) does not contain a futility exception, and thus it requires exhaustion regardless of the fit between a prisoner's prayer for relief, and the forms of relief available through the administrative process. 532 U.S. 731, 741 (2001). Inmates in prisons operated by the New Jersey Department of Corrections must address any complaints regarding prison conditions through the Inmate Remedy System. N.J.A.C. § 10A:1-4.4(d). First, the inmate is required to submit a "Routine Inmate Request" or "Interview Request." N.J.A.C. § 10A:1-4.4(c). If the inmate is dissatisfied with the prison official's response, he or she must appeal the response to the appropriate administrator. Id. Once both of these steps are exhausted, the inmate may file his or her legal action. Id. at § 10A:1-4.4(d).

Although failure to exhaust is an affirmative defense, relieving an inmate of the burden of pleading or demonstrating exhaustion in his or her complaint, a court may nonetheless dismiss the complaint pursuant to Federal Rule 12(b)(6) where the failure to exhaust is apparent from the

face of the complaint.  Jones, 549 U.S. at 216; Rycoline Prods. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).

In this case, Defendants argue that Plaintiff's Amended Complaint must be dismissed because he initiated suit prior to exhausting his administrative remedies.  Plaintiff's Amended Complaint indicates that he filed his Inmate Request form regarding the denial of his request for roast lamb on February 15, 2011.  (Am. Compl., ¶ 18.)  On March 2, 2011, approximately two weeks later, Plaintiff filed suit in this Court.  (Docket item no. 1.)  Plaintiff avers that he received an adverse response to his Inmate Request on March 23, 2011, and appealed same.  Id. at ¶¶ 20-21.  Defendant Yatauro denied the appeal of Plaintiff's Inmate Request on April 4, 2011.  Id. at ¶ 22.  Therefore, Plaintiff did not exhaust his administrative remedies until April 4, 2011, but filed suit approximately one month prior.

Plaintiff raises a number of arguments in an effort to overcome his apparent failure to exhaust.  First, he asserts that the PLRA does not require exhaustion of constitutional claims (Pl.'s Reply Br., at 10), an argument which is clearly refuted by the United States Supreme Court's holding in Porter v. Nussle, 534 U.S. at 524 (". . . [E]xhaustion is now required for 'all actions brought with respect to prison conditions,' whether under Section 1983, or 'any other Federal law.'").  Second, he argues that exhaustion prior to initiating this action would have been futile (Pl.'s Reply Br., at 20), an argument which has, again, been squarely rejected by the Supreme Court.  Booth, 532 U.S. at 741 n.6 (holding that 42 U.S.C. § 1997e(a) does not contain a futility exception, and that the court "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").  Third, Plaintiff agues that he exhausted his administrative remedies prior to filing suit, because he had submitted Inmate Request forms complaining about the denial of roasted lamb prior to the form filed on February

15, 2011, and because he communicated his grievances to prison staff through other avenues. (Pl.'s Reply Br., at 22.) This is inapposite, because Plaintiff was required to *properly* exhaust the available administrative remedies, Woodford v. Ngo, 548 U.S. at 90, and Plaintiff's pleadings acknowledge that he did not exhaust the formal appeals process until April 4, 2011. Finally, Plaintiff argues that the Inmate Remedy System was effectively unavailable to him because the prison staff advised him, as early as November of 2009, that it was unnecessary for him to utilize same. (Pl.'s Reply Br., at 25-27.) While it is true that an inmate may be exempted from the exhaustion requirement where prison officials mislead him or prevent him from utilizing the grievance system, see Brown v. Croak, 312, F.3d 109, 113 (3d Cir. 2002), in this case, such an argument is contradicted by the Amended Complaint itself, and the exhibits thereto, which record Plaintiff's utilization of the grievance system.

Thus, it is apparent from the face of Plaintiff's Amended Complaint that he failed to exhaust his administrative remedies prior to filing this legal action, and therefore his Complaint must be dismissed. Jones, 549 U.S. at 211, 220. The Court acknowledges that Plaintiff amended his Complaint on May 20, 2011, but this does not cure his failure to exhaust administrative remedies prior to filing suit in federal court. See Ahmed, 297 F.3d at 209.[2]

---

[2]Plaintiff, in his Sur-Reply Brief, directs the Court to the case of Lilly v. Tennessee Department of Corrections, asserting that it stands for the proposition that failure to exhaust may be corrected after the filing of a legal action, and that the Court should therefore not dismiss his Amended Complaint. 2011 U.S. District LEXIS 73479, at *9-10 (M.D. Tenn. July 7, 2011). Although Lilly is not binding authority, the Magistrate Judge in that case found that the plaintiff had exhausted his administrative remedies prior to filing his federal lawsuit. Id. at *10. Moreover, he noted that, had plaintiff *not* exhausted his administrative remedies prior to filing suit, the Magistrate would have recommended granting the defendant's motion to dismiss plaintiff's amended complaint. Id.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Amended Complaint shall be granted, and Plaintiff's Amended Complaint shall be dismissed, without prejudice. An appropriate form of Order will be filed herewith.

                                              s/Stanley R. Chesler
                                          STANLEY R. CHESLER
                                          United States District Judge

Dated: January 23, 2012